**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0224-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ORRIC MITCHELL, a/k/a
JASUAH CARSTERFIN,
JASUAH CARSTERIN,
ORRIC MITCHEL,
OMAR THOMAS,
MICHAEL THOMAS, and
OQUAN THOMPSON,

     Defendant-Appellant.

_____

Submitted February 14, 2024 – Decided April 9, 2024

Before Judges Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 18-01-0133.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Frank J. Pugliese, Designated Counsel, on the brief).

Bradley Daniel Billhimer, Ocean County Prosecutor, attorney for respondent (William Kyle Meighan, Supervising Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Orric Mitchell appeals the denial of his post-conviction relief (PCR) petition, which was decided without an evidentiary hearing. Perceiving no abuse of discretion in Judge Guy P. Ryan's decision to forego an evidentiary hearing and agreeing with his finding that defendant did not establish a prima facie case of ineffective assistance of counsel, we affirm.

A jury convicted defendant of third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and -5(b)(3), and third-degree distribution of CDS, N.J.S.A. 2C:35-5(a)(1) and -5(b)(3). The jury acquitted him of fourth-degree obstructing the administration of law, N.J.S.A. 2C:29-1(a). Defendant received an aggregate imprisonment term of nine years with a four-year period of parole ineligibility.

We affirmed defendant's conviction and remanded for resentencing. State v. Mitchell, No. A-1571-19 (App. Div. Apr. 30, 2021) (slip op. at 7). On remand, the trial judge sentenced defendant to an aggregate imprisonment term

of eight years and, pursuant to a joint motion filed by the parties, did not impose a period of parole ineligibility.

In his pro se PCR petition, defendant asserted his trial counsel had rendered ineffective assistance but did not specify any basis for that assertion. In his brief, defendant's appointed PCR counsel argued trial counsel had been ineffective in failing to object during the trial to a question asked by the prosecutor of a police detective about why he had requested consent to search a motel room. The detective answered: "I believed there to be additional quantities of heroin in the room." PCR counsel contended trial counsel, by failing to object to the question, had "deprived appellate counsel of a more effective argument as to the suppression of [the detective's] testimony." In our opinion on defendant's direct appeal, however, we concluded the detective's "belief that there was heroin in the room did not invade the jury's province as to the elements of the crime" and, thus, was not capable of impacting the jury's ultimate decision on whether defendant possessed the heroin with the intent to distribute it or if he had actually distributed it. Id. at 7-8. We also noted the strength of the evidence before the jury. Id. at 13.

PCR counsel also asserted trial counsel was unprepared for trial, citing counsel's request for a break before his cross-examination of the detective and

his failure to ask the detective about a purported discrepancy regarding the CDS evidence. According to PCR counsel, trial counsel's purported cumulative errors deprived defendant of a fair trial.

After hearing argument, Judge Ryan denied defendant's petition in a twenty-one-page opinion and corresponding order. Defendant raises the following arguments on appeal:

POINT I

> DEFENDANT PRESENTED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL. DEFENDANT'S CLAIM IS SUPPORTED BY MATERIAL ISSUES OF DISPUTED FACTS LYING OUTSIDE THE RECORD. THE RESOLUTION OF THE DISPUTED FACTS NECESSITATED AN EVIDENTIARY HEARING. THE PCR COURT ERRED IN FAILING TO CONDUCT SUCH A HEARING.
>
> A. Trial Counsel's Failure to Object.
>
> B. Trial Counsel Was Unprepared for Trial.

POINT II

> CUMULATIVE ERRORS COMMITTED BY COUNSEL VIEWED IN THE AGGREGATE DEPRIVED DEFENDANT OF A FAIR TRIAL.

We affirm substantially for the reasons set forth in Judge Ryan's comprehensive opinion. The judge acknowledged defendant's arguments

4

concerning the questioning of the detective and the purported evidential discrepancy were potentially procedurally barred pursuant to Rule 3:22-5 based on his belief those issues already had been addressed on the merits. The judge nevertheless substantively considered those arguments and correctly rejected them.

We discern no abuse of discretion in Judge Ryan's decision to forego an evidentiary hearing. See State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020) (holding "[w]e review a trial court's decision to grant or deny a defendant's request for a hearing under an abuse of discretion standard"). A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013); see also State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (holding "[t]he mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing").

Rule 3:22-10(b) provides that a court should hold an evidentiary hearing on a PCR petition only if the defendant establishes a prima facie case in support of PCR, "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and "an evidentiary hearing is necessary to resolve the claims for relief." See also Porter, 216 N.J. at 354; Vanness, 474 N.J. Super. at 623. "A prima facie case is established when a defendant

A-0224-22

demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).  Defendant did not meet that standard, and, thus, Judge Ryan did not abuse his discretion by deciding the petition without holding an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0224-22